Frances Sally COTE, Plaintiff-Appellant,

v.

EAGLE STORES, INC., and Retail Clerk's Union Local 1504, Defendants-Appellees.

No. 81–2894.

United States Court of Appeals, Seventh Circuit.

Argued May 4, 1982.

Decided June 8, 1982.

Rehearing Denied Oct. 5, 1982.

Holland C. Capper, Chicago, Ill., for plaintiff-appellant.

Neal D. Rosenfeld, J. Paige Clousson, Chicago, Ill., for defendants-appellees.

Before BAUER and POSNER, Circuit Judges, and LARSON,* Senior District Judge.

PER CURIAM.

Frances Sally Cote, plaintiff-appellant, filed this action against her employer, Eagle Stores, and her union, Retail Clerk's Union Local 1504 (Union), seeking damages and reinstatement. She alleged that Eagle improperly fired her and that the Union violated its duty of fair representation. The district court granted summary judgment in favor of both defendants. We affirm.

Cote, who had been an Eagle employee for approximately three years, was discharged for allegedly stealing two cartons of cigarettes. The Union filed a grievance with Eagle protesting Cote's discharge and attempted to negotiate a settlement. When Eagle refused to reinstate Cote, the Union, heeding its counsel's advice, decided not to pursue the grievance to arbitration.

The parties agree as to the facts. On March 21, 1980, as Cote was leaving work with some groceries and the two cartons of cigarettes, the assistant manager asked to see her cash register receipt. Cote was able to produce a receipt for the groceries but not for the cigarettes. She stated that she had purchased the cigarettes separately from the groceries but was unable to explain what happened to the receipt. She was also unable to identify the cashier who sold her the cigarettes.

The assistant manager conducted an investigation, questioning the cashiers who were on duty that day and checking the cash register tapes. None of the cashiers

* The Honorable Earl R. Larson, Senior Judge of the United States District Court for the District of Minnesota, is sitting by designation.

remembered selling Cote the cigarettes and each signed a hand-written memorandum to that effect. No cash register tape verifying the sale was found; however, four registers were not recording sales properly that night. On the basis of this investigation, Cote was suspended and ultimately discharged.

## I

The gravamen of Cote's complaint against the Union is that it did not represent her diligently. In support of this contention, Cote emphasizes that the Union did not conduct either a personal interview with her or an independent investigation of the incident. She complains that she was only interviewed over the telephone and that the Union accepted Eagle's findings of facts. Characterizing the Union's conduct as "intentional wrongdoing," Cote maintains that even as measured by the stringent standards established in *Hoffman v. Lonza, Inc.*, 658 F.2d 519 (7th Cir. 1981), the Union failed to discharge its duty of fair representation.

In contrast, the Union, relying on *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), maintains that an aggrieved union member has no absolute right to arbitration. It argues that regardless of whether the Union's conduct is measured by the test announced in *Hoffman v. Lonza, Inc.*, 658 F.2d 519 (7th Cir. 1981), or the test enunciated in *Baldini v. Auto Workers Union*, 581 F.2d 145 (7th Cir. 1978), the Union did not breach its duty of fair representation. According to *Hoffman*, an aggrieved union member will prevail on a claim that the union breached its duty of fair representation only upon proof that the union intentionally and severely discriminated against the member or that the union acted fraudulently or deceitfully. *Baldini* requires the aggrieved member to prove only that the union's conduct was "arbitrary, discriminatory or in bad faith." 581 F.2d at 150.

Under *Hoffman*, this circuit's most recent statement on what constitutes breach of the duty of fair representation, the union has not breached its duty to Cote. In *Hoffman*, we held that a union had not breached its duty of fair representation when, without explanation, it permitted a grievance proceeding to be terminated by failing to file a timely notice of intent to pursue the grievance to arbitration. 658 F.2d at 520. We held that a union is not liable for its negligence even though that negligence ultimately deprives an employee of a "fair" hearing on the merits of his grievance. A union is liable only if it acts in a "deliberate and severely hostile irrational" manner. *Id.* at 522.

The union's conduct in *Hoffman* was clearly more egregious than the Union's conduct in this case, yet the employee was denied recovery because there was no evidence of "invidious misconduct" on the part of the union. *Id.* In comparison, the Union here neither acted negligently nor failed to act. Indeed, nothing in the record supports Cote's conclusion that the Union handled her grievance in a perfunctory manner or abandoned her claim without reasonably evaluating it. Cote concedes that: (1) the Union steward was present when Eagle's store manager interviewed Cote about the incident; (2) the Union filed a grievance with Eagle on Cote's behalf the same day she was discharged; (3) two Union officials, the president and the business representative, interviewed Cote by telephone; (4) the Union attempted to effect a voluntary settlement with Eagle to reinstate her; (5) the Union consulted counsel to determine whether to proceed to arbitration; and (6) Cote was given an opportunity to present additional support for her claim to the Union's Executive Board but failed to submit any evidence. These acts indicate that the Union diligently represented Cote.

Moreover, even if, as Cote contends, the Union has not represented her as vigorously as it might have, lack of diligence does not constitute a breach of the duty of fair representation. Absent a showing of discrimination that is "intentional, severe and unrelated to legitimate union objectives," Cote has no cause of action against the Union. *Motor Coach Em-*

*ployees v. Lockridge*, 403 U.S. 274, 301, 91 S.Ct. 1909, 1925, 29 L.Ed.2d 473 (1971), *quoted in Hoffman v. Lonza, Inc.*, 658 F.2d 519, 522 (7th Cir. 1981).

The *Baldini* standard is less stringent than the *Hoffman* standard. therefore, having found no breach of the duty of fair representation under the *Baldini* test, there can be no breach under *Hoffman*. The district court was correct in finding that the evidence failed to establish any breach of the duty of fair representation.

## II

We next consider Cote's contention that the breach of contract claim against Eagle is not contingent upon a finding that the Union violated its duty of fair representation. In support of her claim against Eagle, Cote relies on *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Cote reads *Vaca* to hold that an employee is required to prove that the union violated its duty of fair representation in a suit against the employer only if the employer raises the defense of failure to exhaust contractual remedies. Cote contends that she need not establish the Union's unfair representation to maintain this action against Eagle because Eagle has not raised the exhaustion defense. Appellant's br. at 15.

Cote misreads *Vaca*. There a union member sued union officials for failing to take his wrongful discharge claim against his employer to arbitration. The issue was whether the National Labor Relations Board (NLRB) had exclusive jurisdiction over the employee's claim and, thus, whether the doctrine of preemption applied to deny the federal court jurisdiction to decide the controversy. The Supreme Court held that the NLRB did not have exclusive jurisdiction but stated that if the wrongfully discharged employee filed suit without exhausting the exclusive contractual remedies, the employer could defend on the basis of the employee's failure to avail himself of these remedies. This holding, however, in no way supports Cote's contention that the establishment of a breach of duty of fair representation is not an element of a cause

of action for wrongful discharge against an employer.

Although it is not precisely clear from her brief, Cote appears to be arguing that she has a breach of contract claim against her employer which is wholly unrelated to her claim against the Union. Her argument, however, "ignores the significance of the fact that it was brought in the District Court pursuant to § 301(a) of the LMRA [Labor Management Relations Act] and that the indispensable predicate for such an action is not a showing under traditional contract law that the discharge was a breach of the collective bargaining agreement, but instead a demonstration that the union breached its duty of fair representation." *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981). The claim against the union and the claim against the employer are inextricably interdependent. The employee must prevail on the unfair representation claim before he may litigate the merits of his contract claim. *Id.* at 66–67, 101 S.Ct. at 1565–1566 (Stewart, J. concurring).

In holding that Cote's claim against Eagle must fail because her claim against the Union failed, the district court relied on *Miller v. Gateway Transportation Co., Inc.*, 616 F.2d 272 (7th Cir. 1980), and *Baldini v. Local Union No. 1095*, 581 F.2d 145 (7th Cir. 1978). Cote claims that these cases are inapplicable because in those cases the employers defended on the basis of failure to exhaust contractual remedies whereas Eagle has not raised this defense.

Cote reads *Miller* and *Baldini* too narrowly. These decisions do not contain any language suggesting that their holdings apply only in situations in which the collective bargaining agreement requires exhaustion, nor have other courts so interpreted these holdings. The *Miller* and *Baldini* courts specifically noted that a breach of the union's duty of fair representation is a necessary element of an action against an employer for wrongful discharge. 616 F.2d at 275–76; 581 F.2d at 151. Neither *Miller* nor *Baldini* supports Cote's position.

Accordingly, the decision of the district court is

AFFIRMED.