**Karen D. HARBERS, Plaintiff,**

v.

**SHOP 'N SAVE WAREHOUSE FOODS, INC. and United Food and Commercial Workers' International Union, Retail Clerks' Local 304, Defendants.**

Civ. No. 84–3041.

United States District Court,
S.D. Illinois,
East St. Louis Division.

March 29, 1985.

William J. Mateyka, Mateyka, Hill & Hill, Granite City, Ill., for plaintiff.

Harold G. Baker, Jr., Belleville, Ill., McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., Robert W. Stewart, St. Louis, Mo., Bruce Goldstein, Edwardsville, Ill., Neal D. Rosenfeld, Jonathan D. Karmel, Karmel & Rosenfeld, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

FOREMAN, Chief Judge.

Before the Court are defendant Shop 'N Save Warehouse Foods, Inc.'s Motion for Summary Judgment and defendant United Food and Commercial Workers' International Union, Retail Clerks' Local 304's Motion for Summary Judgment. Plaintiff was employed by defendant Shop 'N Save in 1979 as a checker. On November 21, 1983, she was discharged. Between May 4, 1981, and October 22, 1983, plaintiff was issued twelve Employee Correction Reports as a result of disciplinary infractions; most of these reports were signed by plaintiff, and plaintiff does not dispute that these disciplinary measures were taken or that the underlying behavior which triggered the disciplinary actions occurred. In fact, plaintiff

admits to other infractions which did not result in disciplinary action.

On September 14, 1983, plaintiff was placed on probation for carelessness regarding a check transaction. On October 12, 1983, plaintiff was suspended for five working days for defective, improper work and carelessness. The conduct underlying this infraction involved opening another checker's cash drawer, without the other checker's knowledge, for the purpose of making change. This conduct was expressly prohibited, as demonstrated by a memorandum posted by the management of Shop 'N Save and admittedly initialed by plaintiff. On October 22, 1983, plaintiff was again issued an Employee Correction Report for defective, improper work and carelessness for failing to balance her till within company policy; her probation period was extended until March 9, 1984. Plaintiff did not file a grievance over any of the above-mentioned disciplinary actions.

On November 19, 1983, plaintiff checked out merchandise purchased by her grandfather, in direct contravention of company policy as expressed in the Shop 'N Save Employee Handbook, which sets forth policies and rules to be followed by employees. Plaintiff had signed a statement to the effect that she received a copy of this handbook, read the company policies and rules, and agreed to follow these rules. Depositions of both plaintiff and her grandfather indicate that plaintiff habitually checked out her grandfather's merchandise. Further, plaintiff had previously been admonished regarding other incidents involving her checking out purchases of other family members. On November 21, 1983, the decision was made to discharge plaintiff. All of the foregoing facts are undisputed.

Following her discharge, plaintiff filed a grievance with the union. The union, however, decided not to pursue her grievance or submit the matter of her termination to arbitration pursuant to the collective bargaining agreement. Plaintiff filed a lawsuit in this Court asserting jurisdiction under Section 301 of the Labor Management Relations Act. Count I of plaintiff's Complaint challenges Shop 'N Save's October 19, 1983, five-day suspension of plaintiff for using another checker's cash drawer, as well as this defendant's termination of plaintiff's employment for checking out merchandise purchased by relatives. Plaintiff implies that her discharge resulted from a conversation she had regarding the hiring of new personnel. Count II of plaintiff's complaint alleges that the union breached its duty of fair representation. Both defendants have filed Motions for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Summary judgment is appropriate only where the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. The party moving for summary judgment has the burden of establishing the lack of a genuine issue of material fact. *Korf v. Ball State University*, 726 F.2d 1222, 1226 (7th Cir.1984). The Court must view the evidence, and the reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing summary judgment. Where the moving party fails to meet its strict burden of proof, summary judgment cannot be entered even if the opposing party fails to respond to the motion. *Yoker v. Pittsburg Corning Corp.*, 733 F.2d 1215 (7th Cir.1984).

Where the moving party has met its initial burden and the opposing party asserts the existence of a question of fact, the Seventh Circuit has identified two considerations to be used in determining whether summary judgment is proper. The Court must determine whether the non-moving party has established that there is a genuine issue as to that fact.

To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial.... A party may not rest on mere allegations or denials of his pleadings; similarly, a bare contention that an issue of fact ex-

ists is insufficient to raise a factual issue.

*Posey v. Skyline Corp.,* 702 F.2d 102, 105 (7th Cir.), cert. denied, — U.S. —, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). Furthermore, the disputed fact must be material, that is, it must be outcome-determinative under the applicable law. *Egger v. Phillips,* 710 F.2d 292, 296 (7th Cir.) (en banc), cert. denied, — U.S. —, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983).

Applying these principles to the instant case, the Court finds that there is no issue of material fact and that defendants are entitled to judgment as a matter of law. Plaintiff concedes that the union did not breach its duty of fair representation as regards her suspension, since plaintiff did not seek union representation in this matter. (Plaintiff's Memorandum in Opposition to Defendant Union's Motion for Summary Judgment, page 9; Deposition of Plaintiff, page 124.) With respect to the matter of alleged wrongful conduct on the part of Shop 'N Save for its actions in suspending plaintiff for five days, the law is clear that in the absence of invoking available contractual remedies under the collective bargaining agreement, a claim is not viable and must be dismissed. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 563, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). Thus, summary judgment for both defendants is clearly an appropriate disposition of plaintiff's claims regarding her five-day suspension.

Plaintiff's claims regarding termination, however, require further analysis, as plaintiff did seek union representation for this disciplinary action. Plaintiff contends that the union should have submitted her grievance to arbitration and that it failed to adequately investigate her claim. In support of her position, plaintiff alleges that a union representative, Oma South, was unaware of plaintiff's statement regarding a co-manager's receiving an oral warning after checking out a pack of cigarettes for a relative. According to plaintiff, this indicates that the matter of her termination had not been fully investigated before the decision was made that to arbitrate would be futile.

Plaintiff asserts that in *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), the United States Supreme Court "held that a Union's failure to investigate evidentiary leads submitted by an employee-grievant was tantamount to a breach of their duty of fair representation." (Plaintiff's Memorandum in Opposition to Defendant Union's Motion for Summary Judgment, page 10.) A careful reading of *Hines,* however, does not support plaintiff's interpretation of the holding of that case. In *Hines,* the question before the Supreme Court was expressly limited to the finality of a decision reached after arbitration as regards a later suit against an employer. 424 U.S. at 560–61, 96 S.Ct. at 1054–55. The *Hines* Court held that when it can be proved that a union has breached the duty of fair representation, a § 301 remedy is not foreclosed against an employer, even in the face of an arbitrator's decision in favor of the employer. 424 U.S. at 570–72, 96 S.Ct. at 1059–60.

The facts of *Hines* are quite distinguishable from the facts of the instant case. In *Hines,* employee truck drivers were discharged for dishonesty after having been accused of seeking reimbursement for motel expenses in excess of the actual charges. The union represented the employees throughout the grievance process, including arbitration. The joint arbitration committee sustained the discharges. A year later, however, a motel clerk admitted that he had falsified registration cards and pocketed the funds at issue, thus explaining the discrepancy. In *Hines,* the employees were innocent of the infractions on which their discharges were based, and the Court stated that "if they prove an erroneous discharge and the Union's breach of duty tainting the decision of the joint committee, [they] are entitled to an appropriate remedy against the employer as well as the Union. It was error to affirm the District Court's final dismissal of [the employees']

action against [the employer]. To this extent the judgment of the Court of Appeals is reversed." *Hines,* 424 U.S. at 570, 96 S.Ct. at 1059.

In the instant case, plaintiff does not contend that she was innocent of the infractions. Plaintiff cites *Hines* to establish that the union breached its duty of fair representation because it failed to adequately investigate the matter of her termination, as shown, according to plaintiff, by South's lack of awareness that a co-manager suffered only an oral reprimand for once checking out a pack of cigarettes for a relative.

 The standards which govern whether a union has breached its duty of fair representation are well settled. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). There must be intentional misconduct, not mere negligence. *Dober v. Roadway Express, Inc.,* 707 F.2d 292 (7th Cir. 1983). The union's conduct must be deliberate and unjustified. *Superczynski v. P.T.O. Services, Inc.,* 706 F.2d 200, 202-03 (7th Cir.1983). *See also Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971); *Graf v. Elgin, Joliet & Eastern Ry.,* 697 F.2d 771 (7th Cir.1983); *Cote v. Eagle Stores, Inc.,* 688 F.2d 32 (7th Cir.1982); *Hoffman v. Lonza,* 658 F.2d 519 (7th Cir.1981); *Swatts v. United Steelworkers of America,* 585 F.Supp. 326 (S.D.Ind.1984). Plaintiff has not made a showing that the stringent standard set forth above can be met, and therefore the Court finds that the union did not breach its duty of fair representation. Accordingly, summary judgment in favor of the union is appropriate in this case.

 Regarding the claim against the employer, Shop 'N Save, it is well settled that an essential element of a § 301 action against an employer is a showing that the union has breached its duty. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 61-62, 101 S.Ct. 1559, 1563-1564, 67 L.Ed.2d 732 (1981); *Hines,* 424 U.S. at 570-71, 96 S.Ct. at 1059-60; *Superczynski,* 706 F.2d at 203-04; *Cote,* 688 F.2d at 35; *Gill v. Westinghouse Electric Corp.,* 568 F.Supp. 479, 482 (N.D.Ill.1983). In view of the Court's conclusion that the defendant union has not been shown to have breached its duty of fair representation, the claim against the defendant employer must fail.

Accordingly, the Court hereby **GRANTS** Shop 'N Save Warehouse Foods, Inc.'s Motion for Summary Judgment (**Document No. 18**) and United Food and Commercial Workers' International Union, Retail Clerks' Local 304's Motion for Summary Judgment (**Document No. 22**). The Clerk is hereby **ORDERED** to enter judgment in favor of defendants and against plaintiff Harbers.

**IT IS SO ORDERED.**