927 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald R. CUSTER, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, WAREHOUSEMEN AND
HELPERS OF AMERICA, LOCAL 20, E & L Transport
Company, Defendants-Appellees.
 No. 90-3331.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1991.
 
 On Appeal from the United States District Court for the Northern District of Ohio, No. 89-07349; John W. Potter, J.
 N.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Donald R. Custer appeals a grant of summary judgment against him which found there to be no genuine issues of material fact with respect to his union's duty of fair representation and his employer's, E & L Transport Company, adherence to the collective bargaining agreement. For the following reasons, we affirm.
 
 
 2
 E & L operates a terminal in Toledo, Ohio where they deliver automobiles manufactured by the Jeep Corporation to dealerships. The procedure for assigning work to drivers employed at the Toledo terminal was set forth in a form titled "Dispatch Rider"; this form was the result of negotiations between the company and the International Brotherhood of Teamsters Union.
 
 
 3
 On December 16, 1988, Donald R. Custer returned to Toledo at approximately 1:15 p.m. Upon his arrival, Custer reported to the dispatch window and spoke with operations supervisor, Brett Bozarath. Custer informed Bozarath that he had made arrangements with terminal manager John Rista to take the following Monday and Tuesday off, but, if there was work that needed to be done on Saturday, he would accept it. Bozarath responded that the there was no work for Saturday, and that Custer should do his paperwork and "shop" the equipment he was driving.
 
 
 4
 After completing the paperwork, Custer returned to the dispatch office where Bozarath had been joined by Frank Cousino. Cousino told Custer that the company wanted him to take a load to Woodhaven, Michigan and that Custer was to leave his truck at the facility in Woodhaven for services. Custer responded that he was already checked in and that he had no obligation to drive to Woodhaven. Custer added that it was his understanding that the company did not have any loads. After further discussion, Cousino asked Custer why he did not want to go to Woodhaven. Custer responded that he did not feel well. This started a further discussion between Bozarath, Cousino and Custer. Ultimately, Bozarath told Custer to either take the load or go to the company clinic to see a doctor or he was "through." Custer neither took the load nor went to the company clinic. He was immediately dismissed.
 
 
 5
 Custer filed a grievance with the union on December 21, 1988. On January 31, 1989, the arbitration committee heard his grievance. After the company presented its case, Paul Toney presented the case for the union. Toney explained that the dispatch rider, governing procedure at the Toledo terminal, set forth no obligation for Custer to take the load and handed the committee a dispatch rider. After hearing all of the presentations, the arbitration committee asked Custer whether he felt all of the facts in support of his case had been presented and whether he had a fair hearing. Custer responded that he felt all of the facts had been presented, but he now alleges that after the hearing he discovered that the dispatch rider given to the committee was not the dispatch rider in effect on December 15, 1988, the date of the conflict.
 
 
 6
 After the arbitration committee denied Custer's grievance, Custer filed his claim in the United States District Court for the Northern District of Ohio. Custer did not introduce into evidence the document or a copy of the document he alleges was given to the committee, but Toney asserts in an affidavit that the dispatch rider he presented to the committee was indeed expired. Toney adds, however, that the submitted dispatch rider contained all the language of the effective dispatch rider which Custer relied upon as being relevant to his grievance. Custer conceded this fact in his deposition. After the district court granted summary judgment against him, Custer filed this appeal. Timothy J. Jacob, counsel for Custer, was sent notice of oral argument in November 21, 1990. The notice was followed up with telephone calls on January 9, 1991 and January 16. Despite the reasonable efforts of this court, Mr. Jacob did not appear to argue his client's case on the scheduled date, January 22, 1991.
 
 
 7
 Custer argues in his brief that the Teamsters union processed his grievance in a perfunctory fashion and that there is at least a question of fact as to whether the union acted arbitrarily in the processing of his grievance. Summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All inferences "must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)). In Vaca v. Sipes, 386 U.S. 171 (1967), the Supreme Court held that a breach of the labor organizations duty of fair representation occurs "only when a union's conduct to a member of the collective bargaining unit is arbitrary, discriminatory, and/or in bad faith." Id. at 190. A labor organization may not "arbitrarily ignore a grievance or process it in a perfunctory fashion...." Id. at 191.
 
 
 8
 Custer's claim is based totally upon his assertion that Toney introduced the incorrect dispatch order to the arbitration committee. Yet, Custer himself has admitted that the dispatch rider introduced to the committee contained the same information as the effective dispatch rider, so far as the document was relevant to his grievance. Toney argued before the committee that the rules in the dispatch rider did not obligate Custer to take the load to Woodhaven. Because the relevant information in the dispatch rider given to the committee was the same as that which was in the effective dispatch rider, we find Custer has failed to show that a genuine issue of material fact exists, and we affirm the district court's grant of summary judgment for the union. As the district court correctly noted, this ruling precludes Custer from prevailing against E & L Transport. Cote v. Eagle Stores, Inc., 688 F.2d 32 (7th Cir.1982) (per curiam) (claims against the union and the employer are "inextricably interdependent. The employee must prevail on the unfair representation claim before he may litigate the merits of his contract claim.").
 
 
 9
 Judgment affirmed.