**Bill STALLARD, Plaintiff,**

v.

**B–LINE SYSTEMS, INC., and International Association of Machinists and Aerospace Workers, District No. 9, AFL–CIO, Defendants.**

**No. 90–CV–3323–WDS.**

United States District Court, S.D. Illinois.

April 27, 1992.

Thomas A. Hill, Highland, Ill., for plaintiff.

Thomas O. McCarthy, Daniel R. Begian, McMahon, Berger et al., Janet E. Young, Cary Hammond, Sherrie A. Schroder, Diekemper, Hammond et al., St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant B–Line Systems, Inc.'s motion for summary judgment on Counts I and III of plaintiff's amended complaint. Plaintiff's amended complaint is in three counts alleging causes of action in breach of a collective bargaining agreement and defamation against defendant B–Line Systems, Inc. in Counts I and III. The Court has previously granted defendant International Association of Machinists and Aerospace Workers, District No. 9's (District 9) motion for summary judgment on Count II of plaintiff's amended complaint which alleged a claim for failure to fairly represent plaintiff in a grievance process.

Fed.R.Civ.P. 56(c) provides that a district court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In determining whether a district court properly granted summary judgment, "[a]ll factual inferences are to be taken against the moving party and in favor of the opposing party." *International Admin., Inc. v. Life Ins. Co. of N. Am.*, 753 F.2d 1373, 1378 (7th Cir.1985). In instances in which "inferences contrary to those drawn by the trial court might be permissible," a district court's grant of summary judgment must be reversed. *Munson v. Friske*, 754 F.2d 683, 690 (7th Cir.1985). Once a motion for summary judgment has been made and property supported, however, the nonmovant does have the burden of setting forth specific facts showing the existence of a genuine issue of a material fact for trial. *See* Rule 56(e); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983), (noting that "a bare contention that an issue of fact exists is insufficient to raise a factual issue"). Although a requisite, the existence of a factual dispute, nonetheless, is not, standing alone, sufficient to bar summary judgment. It is well settled that a "factual dispute does not preclude summary judgment unless ... the disputed fact is outcome determinative under the governing law." *Egger v. Phillips*, 710 F.2d 292, 296 (7th Cir.), *cert. denied*, 464 U.S. 918, 104 S.Ct. 284, 78 L.Ed.2d 262 (1983), as cited in *Shlay v. Montgomery*, 802 F.2d 918, 920 (7th Cir.1986).

For plaintiff to prevail on his claim against B–Line, he must show District 9 breached its duty of fair representation. *Olsen v. United Parcel Service*, 892 F.2d 1290 (7th Cir.1990); *Superczynski v. P.T.O. Services, Inc.*, 706 F.2d 200, 204 (7th Cir.1983). Because the Court has found that District 9 did not breach its duty of fair representation, the claim against B–Line in Count I must also fail. *See, Cote v. Eagle Stores, Inc.*, 688 F.2d 32 (7th Cir. 1982), *cert. denied*, 459 U.S. 1218, 103 S.Ct. 1222, 75 L.Ed.2d 458 (1983); *Gill v. Westinghouse Elec. Corp.*, 568 F.Supp. 479 (N.D.Ill.1983).

Accordingly, B–Line's motion for summary judgment on Count I of plaintiff's amended complaint is GRANTED.

In Count III, plaintiff alleges that B–Line defamed him by publishing a letter which detailed the reasons for plaintiff's termination. In disposing of this claim, the

key issue is whether the defamation claim is dependent upon an interpretation of the collective bargaining agreement. If so, the claim is preempted by section 301 of the Labor Management Relations Act (LMRA).

Upon review of the letter which allegedly defamed plaintiff, the Court finds that it involves issues which are inextricably intertwined with the collective bargaining agreement. The plant rules which were referred to in the letter were adopted pursuant to the collective bargaining agreement, and the alleged defamatory statements were an integral part of the dismissal process. Therefore, the issue of whether plaintiff breached company rules, or whether B–Line defamed plaintiff, is dependant upon an analysis of the agreement. The Court finds, therefore, that Count III is preempted by the LMRA which requires plaintiff to exhaust his contractual remedies before bringing a claim. *See, Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985); *Barbe v. Great Atlantic and Pacific Tea Co.,* 722 F.Supp. 1257 (D.Ma.1989) (Employee's defamation claim required an interpretation of the collective bargaining agreement and was preempted by LMRA).

Accordingly, the Court GRANTS B–Line's motion for summary judgment on Count III of plaintiff's amended complaint.

In summary, the Court GRANTS defendant B–Line Systems, Inc.'s motion for summary judgment on Counts I and III of plaintiff's amended complaint. The Clerk of the Court is directed to enter judgment in favor of defendant B–Line Systems, Inc. and against plaintiff.

IT IS SO ORDERED.