Peter A. **FARACIANO, Plaintiff,**

v.

**MILLER BREWING COMPANY, a Wisconsin corporation, and Brewery Workers Local Union No. 9, Directly Affiliated Local Union, AFL–CIO, Defendants.**

No. 82–C–1297.

United States District Court, E.D. Wisconsin.

March 19, 1984.

Walter F. Kelly, Sutton & Kelly, Milwaukee, Wis., for plaintiff.

Ely A. Leichtling, Quarles & Brady, Milwaukee, Wis., for Miller Brewing.

James P. Maloney, Zubrensky, Padden, Graf & Maloney, Milwaukee, Wis., for Union.

## DECISION AND ORDER

WARREN, District Judge.

This case comes before the Court on motions for summary judgment made by the defendants Miller Brewing Company

("Miller") and Brewery Workers Local No. 9 ("the Union"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated herein, the Court grants defendants' motions and accordingly dismisses the action brought by the plaintiff, Peter A. Faraciano.

## BACKGROUND

Plaintiff was employed by Miller from April 14, 1975, until April 13, 1982, when Miller dismissed him for "excessive tardiness." The Union unsuccessfully pressed plaintiff's grievance and decided not to take his case to arbitration. In the wake of these actions, the plaintiff, on September 16, 1982, filed the present suit against both Miller and the Union.[1] In his complaint, plaintiff alleges that Miller's decision to dismiss him was unlawful, on the basis that he was not excessively tardy and was not discharged for "good and sufficient cause" as required under Article III of the collective bargaining agreement between the Union and Miller. In addition, the plaintiff claims that the Union failed to properly represent him by not taking his grievance to arbitration. Plaintiff seeks, among other things, $100,000 in damages against each of the defendants, full back pay, and reinstatement to his job.

On May 27, 1983, both defendants filed motions for summary judgment, contending that no genuine issue of material fact exists in this case. Miller also moved to strike plaintiff's opposing affidavit, alleging various evidentiary deficiencies. All of the parties filed briefs and were given an opportunity to argue their positions orally before this Court. It is on the basis of those arguments and the underlying briefs that the Court now resolves the pending motions.

## THE CLAIMS AGAINST MILLER BREWING COMPANY

[1] In support of its motion for summary judgment, defendant Miller maintains

---

1. In addition, the plaintiff filed claims with the National Labor Relations Board, the Unemployment Compensation Board of the Department of Industry, Labor and Human Relations (DILHR), and the Equal Rights Division of DILHR. Each of these claims was denied.

that there exists no genuine issue of material fact because it discharged the plaintiff in a fair and impartial manner for good and sufficient cause, pursuant to an established disciplinary system. That system incorporates four progressive punishments—namely, verbal warning, written warning, suspension, and discharge. The collective bargaining agreement provides that all warnings or prior disciplinary actions remain on an employee's disciplinary record for five years, after which they are expunged. One form of behavior that triggers the disciplinary process is tardiness.

Miller maintains that, according to the collective bargaining agreement, three instances of tardiness within any two-month period constitute a violation of plant rules and may be dealt with by the company in the step-by-step disciplinary fashion described above. Consistent with its three-tardy/two-month "no fault" policy, Miller defines tardiness as *any* late arrival to the work place and does not excuse tardiness for any reason.

Miller claims that the plaintiff was tardy approximately thirty-nine (39) times between January 1980 and February 1982. Accordingly, the plaintiff received the following progressive disciplines: On March 18, 1980, the plaintiff received a verbal warning for excessive tardiness; on April 7, 1981, he received a written warning; and on June 8, 1981, the plaintiff received a one-day disciplinary suspension for his continued excessive tardiness and was warned that the next violation would result in termination of his employment. After three absences during the first two months of 1982, Miller took steps to dismiss the plaintiff. The official date of plaintiff's discharge was April 13, 1982.

In response to the summary judgment motion, the plaintiff makes a two-fold argument, contending that genuine issues of material fact exist as to his claims against Miller. First, he alleges that Miller has an unwritten "two-year rule" regarding the computation of tardiness and the imposition of progressive discipline. If the plaintiff's "two-year rule" were applicable, the verbal warning plaintiff received for excessive tardiness could not have been included in the computation that led to his discharge. Under this theory, Miller could have at best suspended the plaintiff but not dismissed him.

Second, the plaintiff contends that instead of a "no-fault" policy on tardiness that does not take into consideration an employee's reasons for being late to work, Miller has a uniform practice of evaluating the reasonableness of an employee's explanation for his or her tardiness. In this context, plaintiff contends that he had reasonable explanations for each of the three times he was tardy during January and February of 1982.

In considering the arguments of the parties, the Court notes that the plaintiff does not deny any of the thirty-nine (39) instances of tardiness that have been attributed to him. Rather, he challenges the disciplinary procedure Miller followed prior to his discharge, claiming that it is contrary to the terms of the collective bargaining agreement.

As to the plaintiff's contention that there exists an unwritten "two-year rule" for the computation of tardiness and the imposition of progressive discipline, the Court does not find sufficient probative evidence to overcome defendant's summary judgment motion. First, the affidavit in which plaintiff claims the existence of such a rule is of dubious evidentiary value. The exhibit attached to it, purportedly an official document of the Unemployment Compensation Division, is unsigned and undated and supposedly records the statement of another unknown and unidentified individual.

Second, both the Employment Manager and the Coordinator of Union Affairs for Miller state in their affidavits that they have never heard of and do not operate under any "unwritten rule." Third, and most significantly, Article III, Section 4 of the collective bargaining agreement clearly states the policy regarding computation and discipline for tardiness, as follows:

All warnings or prior disciplinary actions which have been issued an employee

more than *five (5) years* prior to the current disciplinary action shall be expunged from the employee's disciplinary record (emphasis supplied).

The plaintiff also claims that his tardiness on the three occasions which were the basis for his termination were unpreventable and therefore legitimately excusable. Again, the Court finds this argument unconvincing. The statement of company policy plainly establishes that "tardiness will be considered as *any* late arrival to the work station." Affidavit of Thomas Heisler at 4 (May 20, 1983). The reason for the progressive discipline system and the "three tardinesses in any two month period" prohibition is to provide a balanced, objective means of protecting the legitimate interests of both employee and employer. In the present case, the plaintiff's discharge was not based solely on his last three instances of tardiness. Rather, under the progressive disciplinary system, his discharge resulted from a series of tardy arrivals at work over a two-year period.

Finally, the plaintiff claims that his discharge was the result of a discriminatory motive on the part of his supervisor, since the supervisor had in the past made certain remarks to the plaintiff about his Italian ancestry. There is no evidence to suggest that the plaintiff's ancestry was a factor in his discharge. Furthermore, affidavits filed by the defendant establish that the supervisor took no part in the decision to discharge the plaintiff. Absent a genuine issue as to any material fact arising out of the allegations against Miller, this defendant's motion for summary judgment must be granted.

## THE CLAIMS AGAINST BREWERY WORKERS LOCAL NO. 9

The defendant Union asserts that as a matter of law, no breach of the duty of fair representation occurred and claims that its decision not to arbitrate was based on a good faith assessment of the merits of plaintiff's grievance. In its briefs, the Union has cited some considerable authority for the proposition that the individual employee does not have the right to insist that his grievance go to arbitration. Consistent with that proposition, the Union maintains that it may properly refuse to arbitrate a grievance so long as its decision is not made in bad faith or with hostile, intentional discrimination directed at the particular employee whose conduct is at issue.

In the instant case, the Union argues that the plaintiff has shown no evidence of bad faith, hostility or intentional discrimination and, accordingly, that no genuine issue of material fact exists. Instead, the defendant characterizes this plaintiff as an employee who has admittedly violated company rules and arguably accumulated the worst tardiness record in the plant. The Union thus concludes that arbitration would have been futile and that the grievance petition would have been denied since there was no violation of the collective bargaining agreement in connection with plaintiff's discharge.

The plaintiff responds with three arguments that purport to show the arbitrary manner in which the Union dealt with the plaintiff's grievance, thereby breaching its duty of fair representation. First, the plaintiff claims the Union failed to apply the unwritten "two-year rule" regarding the computation of progressive discipline in his case. Second, the Union allegedly failed to take into account the plaintiff's claims that his immediate supervisor demonstrated a discriminatory motivation in failing to report reasonable explanations for the plaintiff's tardinesses in January and February of 1982. Finally, the Union was wrong in failing to pursue to arbitration the legitimacy of the employee's reasonable explanations for his 1982 tardinesses, or so the argument goes.

■ Having carefully considered the positions advanced by both parties, the Court concludes that the defendant has the better of the argument. In order for a union to breach its duty of fair representation to one of its members, a union's conduct must be "arbitrary, discriminatory, or in bad faith." *Vaca v. Spies*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The Sev-

**1266**

enth Circuit has further defined this test, most notably in *Hoffman v. Lonza, Inc.,* 658 F.2d 519, 522 (7th Cir.1981): "The 'duty' is not breached and the employee has no remedy without substantial evidence of fraud, deceitful action or dishonest conduct." This standard was articulated again in *Dober v. Roadway Express, Inc.,* 707 F.2d 292, 294 (7th Cir.1983), where the Court of Appeals noted that "a union breaches its duty to fairly represent a worker if it deliberately and unjustifiably refuses to represent that worker in processing a grievance."

 Under this strict standard, the Court is of the opinion that there is no evidence of any bad faith or intentional, hostile, or discriminatory conduct on the part of the Union. Particularly in light of plaintiff's long record of tardiness and the affidavits filed by the defendants establishing that the plaintiff's excuses were, indeed, presented to the Industrial Relations Department at Miller before the plaintiff's dismissal and at his grievance proceeding thereafter, the Union's decision not to arbitrate must be viewed as a good faith determination based on the merits of the grievance. *Dober* clearly establishes that "the fact that a union decides not to press a worker's grievance does not establish intentional misconduct." 707 F.2d at 295. Under these circumstances, the Union's motion for summary judgment is appropriately granted.

### CONCLUSION

The plaintiff's continued tardiness over a two-year period showed a wilful and substantial disregard for the duties and obligations he owed to his employer, defendant Miller Brewing Company. The Court finds that Miller discharged the plaintiff in a fair and impartial manner for good and sufficient cause.

Moreover, the Court concludes that the defendant Union fulfilled its obligations under the National Labor Relations Act in fairly representing the plaintiff through his grievance procedure with the company. There is no indication that the defendant Union acted in bad faith or in an arbitrary or discriminatory manner in not pursuing plaintiff's claim to arbitration.

Finding that there are no genuine issues of material fact in dispute, the Court hereby GRANTS both defendants' motions for summary judgment and DISMISSES this action.