**Sofija OSTOJIC, Plaintiff,**

v.

**NATIONAL CLEANING COMPANY and Local 25, Service Employees International Union, AFL–CIO, Defendants.**

**No. 89 C 5735.**

United States District Court,
N.D. Illinois, E.D.

April 23, 1990.

Brenda A. Szeja and John R. Ostojic, Connelly, Mustes & Schroeder, Chicago, Ill., for plaintiff.

Edward C. Jepson, Jr. and Christopher A. Johlie, Vedder, Price, Kaufm & Kammholz, Stephen Feinberg, Asher, Gittler and Greenfield, Ltd., and Marvin Gittler and Patricia A. Collins, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Sofija Ostojic is a member of Local 25 of the Service Employees International Union, AFL–CIO. Local 25 is the collective bargaining representative for the janitors, elevator employees, and working supervisors of National Cleaning Contractors, Inc., the company which employs Ostojic.[1] Ostojic works for National at the 222 S. Riverside building in Chicago, Illinois. Ostojic claims that on June 23, 1988, National Cleaning demoted her from a forelady to a cleaner. Ostojic considered this and other acts to be in violation of Local 25's contract with National Cleaning. Since Local 25 allegedly refused to assist her in her dispute with National Cleaning, Ostojic has sued both Local 25 and National Cleaning in this court.

In Count 1 of her Second Amended Complaint, Ostojic alleges that Local 25 breached its duty to represent her fairly, and that National Cleaning breached its contract with Local 25. Ostojic brings Count 1 pursuant to § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 (1982). In Count 2, Ostojic has brought a state law claim against Local 25 and National Cleaning for intentional infliction of emotional distress. Local 25 and National Cleaning have moved separately for summary judgment pursuant to Rule 56, Fed.R. Civ.Pro. The parties agree that Ostojic may not prevail against National Cleaning on her claim of breach of contract unless she can prove that Local 25 breached its duty of fair representation. See *Hines v. Anchor Motor Freight*, 424 U.S. 554, 570–72, 96 S.Ct. 1048, 1059–60, 47 L.Ed.2d 231 (1976); *Adams v. Budd Co.*, 846 F.2d 428, 432 (7th Cir.1988). The court thus will turn to Ostojic's claims against Local 25.

These are the uncontested facts. Ostojic knew in June 1988 that in order to complain about her demotion, she had to file a grievance.[2] Thus she called Local 25 and arranged a meeting in July 1988 with Peter Piotrowski, Local 25's business representative for the 222 S. Riverside building.[3] Ostojic had known Piotrowski prior to her alleged demotion, and had no reason to believe that Piotrowski or anyone from the Local disliked her. She, however, had never filed or requested help in filing a grievance. According to Ostojic, Piotrowski was the union official responsible for determining whether a complaint was serious enough to warrant union assistance, and his determination was prefatory to the filing of any grievance by him. When she met with Piotrowski in July 1988, Ostojic complained about her demotion, but decided not to file a formal grievance pursuant to Article XVIII of Local 25's contract with National Cleaning. For his part, Piotrowski called National Cleaning's field manager, John Merwin, to hear National Cleaning's side of the story.

Ostojic met for a second time with Piotrowski in August 1988. This time she was accompanied by her daughter Radusa Ostojic, who was a lawyer. Although Sofija had been demoted, she continued to receive the same hourly wage she had received

---

1. Ostojic incorrectly refers to National Cleaning as National Cleaning Company in her complaint.

2. In response to Local 25's statement of uncontested facts, Ostojic asserts that her command of English is poor. She thus asserts that the testimony about her knowing the importance of filing a grievance is "equivocal." The court has reviewed the testimony, and finds that it supports the Local's characterization of it. Moreover, if Ostojic wishes to contest the Local's evidence, it is her burden under Rule 56(e) to "set forth specific facts showing that there is a genuine issue for trial" by "affidavits or as otherwise provided" in Rule 56. Ostojic has put forth no evidence that she is uncomfortable with English or that she misspoke in her deposition.

3. In 24 of her Statement of Contested Issues of Material Fact, Ostojic calls Piotrowski her union steward.

prior to June 1988.[4] Still, Sofija disagreed with National Cleaning's decision to assign her to more demanding floors in the 222 S. Riverside building and the company's frequent inspections of her work. The Ostojics asked to file a grievance. Shortly after the meeting, Sofija's attorney, Brenda Szeja, wrote to Piotrowski and urged him again to grieve the matter.

Between August and October, Sofija tried to reach Piotrowski by phone, but Piotrowski never returned her calls. She spoke with others associated with Local 25, but they told her that she had to work through Piotrowski. The Ostojics and Piotrowski finally met in late October 1988. Sofija raised the same complaints which she had raised in the August meeting. Piotrowski reiterated what he had said on prior occasions, namely, that National Cleaning had the right to choose its forepersons, that Sofija was making the same wage, and that National Cleaning had told Local 25 that Sofija's work was unsatisfactory. Sofija asked Piotrowski again to file a grievance. After this meeting, Sofija believed that the Local was not going to help her.[5]

In November the Ostojics allegedly met with a labor attorney, Patrick Hartnett, to discuss the matter. Hartnett purportedly told them that he could not do anything unless Sofija filed a grievance. Hartnett showed the Ostojics a grievance form and allegedly explained that in filling it out, the grievant had to present as much detail as possible. Following this meeting, the Ostojics tried to reach Piotrowski again. They claim that they phoned the Local repeatedly throughout November and December 1988, but got no response.

The Ostojics had one last meeting with Piotrowski on January 26, 1989. Sofija once again asked him to file a grievance. Piotrowski took out a grievance form, wrote something on it concerning Sofija's demotion, and asked her to sign. Sofija believed that the grievance which he had prepared was too short, unprofessional, and did not include enough facts. She thus refused to sign it. Sofija, Radusa, and Piotrowski then went to see a Local 25 officer, Mr. Fiascone, who reviewed the form and told Sofija that it was a proper grievance. Again she refused to sign it. Fiascone told Sofija that she did not know what she wanted. He took the grievance form, crumpled it, and tossed it in the garbage. Sofija then accused Fiascone and Piotrowski of taking money from the workers and failing to help, whereupon Fiascone told Sofija to leave. Sofija and Piotrowski returned to Piotrowski's office, where Sofija asked him for another grievance form. Piotrowski refused to give her one. After accusing Piotrowski of working for "the Company," Sofija left. She filed this suit on July 25, 1989.

■ Local 25 argues that Sofija Ostojic's suit is untimely. The statute of limitations for a "hybrid" § 301 suit, one alleging both a breach of the duty of fair representation and a breach of an employment contract, is six months. See *DelCostello v. Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). An employee's cause of action for a breach of the union's duty of fair representation arises when the union fails or

---

4. Ostojic contests this fact, but her evidence shows only that National Cleaning reduced her wage by $0.25 per hour in July 1989, over a year after her alleged demotion.

5. Ostojic testified in a deposition that she believed after the October meeting that the Local would not help her. In response to Local 25's statement of uncontested facts, Ostojic contends that what she really meant to say was that she believed Piotrowski would not help her, although she remained hopeful that Local 25 would. Ostojic has not put forth evidence to support her position, and so the court is obliged under Rule 56(e) to disregard her argument. See note 2 above. Ostojic argues further that she and her daughter agreed with Piotrowski that he would contact his superiors and then speak again with Ostojic. See Plaintiff's Joint Memorandum in Opposition 4. This memorandum refers to ¶ 21 of her response to the Local's statement of uncontested facts. That paragraph says nothing about a promise of further action. It does allege that Ostojic's daughter "told Piotrowski to contact his superior regarding disclosure to [Ostojic] of a company memo about [Ostojic], then to contact [Ostojic] about filing the grievance." Ostojic cites to page 138 of the deposition of her daughter to support this allegation, but that page says nothing about Piotrowski.

refuses to act on behalf of the employee. The statute of limitations on such a cause of action begins to run when the employee knows or should have known of the pertinent failure or refusal. See *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299, 303–04 (7th Cir.1983); *Adams*, 846 F.2d at 431.

■ In most instances where the law has imputed knowledge of a union's breach of its duty of fair representation to an employee, the facts of the union's breach have been clear. See *Metz*, 715 F.2d at 304 (alleged breach clear where collective bargaining agreement required union to file grievance within five days of discharge, and union failed to file within that time); *Dozier v. Trans World Airlines, Inc.*, 760 F.2d 849, 851–52 (7th Cir.1985) (alleged breach clear when union informed employee "your grievance will not be processed any further"); *Steffens v. Brotherhood of Ry.*, 797 F.2d 442, 446–47 (7th Cir.1986) (alleged breach apparent where union told employee it would not appeal federal board's adverse decision); *Sosbe v. Delco Electronics Div. of G.M.C.*, 830 F.2d 83, 87 (7th Cir.1987) (alleged breach clear when local bargaining chairman informed employee that union would not represent her); *Adams*, 846 F.2d at 431 (alleged breach apparent where union's letter to grievants concurred in employer's stated reasons for denying grievants employment). The clearest indication of Local 25's refusal to take up Ostojic's grievance occurred on January 25, 1989, a date just within the six-month limitations period. The undisputed facts do not disclose an overt refusal to take up Ostojic's claims before that date.

If the law required a party to demonstrate an overt refusal triggering § 301's limitations period, Local 25 would not prevail on its motion for summary judgment. The law, however, does not describe the triggering event in those words. All that is needed are facts from which a reasonable union member could have inferred that the union would not act on his or her behalf. According to Ostojic herself, those facts were present as of the end of her meeting with Piotrowski in October 1988.

If she knew then that the Local would not take her grievance, but felt that it was obliged to do so, then the law required her to have filed her suit within six months of the October meeting.

Ostojic disputes that she filed her suit late, in two ways. She first argues that in October 1988 she did not believe that the Local had refused to help her, only that Piotrowski had. For the reasons given in note 5 above, Ostojic may not rely on this assertion to save her from the Local's motion for summary judgment. Even if this court were to accept Ostojic's allegation as true, the court would still have to hold that she filed late. It is undisputed that for purposes of filing a grievance, Piotrowski was the Local. Piotrowski was Ostojic's shop steward; according to the undisputed facts, he was the Local official responsible for screening all complaints from employees at the 222 S. Riverside building which were related to the collective bargaining agreement with National Cleaning. Ostojic has put forth no facts which indicate that there was any meaningful distinction between Piotrowski and the Local for purposes of her disagreement with National Cleaning.

Ostojic's second argument is that the court may not decide the parties' dispute over the statute of limitations on a motion for summary judgment. In Ostojic's opinion, the critical issue in this case is her "subjective mental determination" as to when the Local stopped assisting her. Often courts cannot resolve cases involving subjective responses on motions for summary judgment. See *Staren v. American Nat. Bank & Tr. Co. of Chicago*, 529 F.2d 1257, 1261–62 (7th Cir.1976). This judicial practice will not help Ostojic here. First, the test for when the limitations period begins in § 301 suits involves objective determinations, not subjective ones. Admittedly, the objective determination of this court in this case rests solely on Ostojic's admission that she felt that the Local would not help her as of October 1988. This admission is significant, however, not because it shows how Ostojic felt, but because it indicates the objective situation in October 1988. Second, where there is no

genuine issue of material fact, Rule 56 allows a court to enter a summary judgment if the law warrants it—even if there are issues in the case involving subjective determinations. Ostojic has not properly raised a genuine issue regarding her subjective feelings as of the end of October 1988, see note 5, and so this case is suited for summary judgment.

■ Even if § 301's statute of limitations did not bar Ostojic's claim against the Local for breach of its duty of fair representation, Ostojic would be able to complain only of conduct occurring within the six months preceding the filing of her suit in this court. See *Adams*, 846 F.2d at 432. As noted earlier, the only event within that period is Ostojic's meeting with Piotrowski and Fiascone in January 1989. The parties agree that in order to prevail against the Local on Count 1, Ostojic must demonstrate that Piotrowski and Fiascone's conduct at that meeting was arbitrary, discriminatory, or in bad faith. See *Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). Ostojic will have no remedy under § 301 against the Local unless she can produce "substantial evidence of fraud, deceitful action or dishonest conduct." *Hoffman v. Lonza, Inc.*, 658 F.2d 519, 522 (7th Cir.1981). See also *Camacho v. Ritz–Carlton Water Tower*, 786 F.2d 242, 244 (7th Cir.1986) (reaffirming *Hoffman* standard); *Mays v. Chicago Sun–Times*, 865 F.2d 134, 138 (7th Cir.1989) (same).

Ostojic has put forth no evidence—let alone substantial evidence—that the Local was engaged in intentional misconduct in refusing to file her grievance. At most, Ostojic has put forth evidence of a disagreement with the Local over the amount of detail which was necessary for a written grievance. Ostojic has not attributed this disagreement to any intent on the part of the Local to act arbitrarily towards her, to discriminate against her, or to treat her badly. Ostojic admits that until the current wrangle over grievances, she had no problems with the Local, nor any suspicion that the Local disliked her. While there is evidence that Fiascone and Piotrowski were upset with her after Ostojic insisted on having more details in her grievance, there is no evidence that either was angry at Ostojic before presenting the grievance form to her. Indeed, there is no evidence that the form which Piotrowski prepared was insufficient, or that Ostojic had no right to rely on Piotrowski and Fiascone's representations that it was sufficient.

In sum, § 301's statute of limitations bars Ostojic's claims. Even if it did not bar her claims, she has not put forth evidence demonstrating a genuine issue of material fact over whether Local 25 breached its duty to represent her fairly. Accordingly, the court enters summary judgment in favor of the Local and against Ostojic on Count 1 of Ostojic's Second Amended Complaint. For the reasons given above, summary judgment in the Local's favor on Count 1 also results in summary judgment in favor of National Cleaning and against Ostojic on Count 1. As for Ostojic's state law claims in Count 2, Ostojic has put forth no reasons why in the interests of judicial economy this court should reach their merits. As this case is fairly new, and since this court has not expended great effort in becoming familiar with it, the court will dismiss Count 2 for lack of subject-matter jurisdiction. See *Huffman v. Hains*, 865 F.2d 920, 922–23 (7th Cir.1989).

The court enters summary judgment in favor of Local 25 and National Cleaning and against Sofija Ostojic on Count 1 of Ostojic's Second Amended Complaint. The court dismisses Count 2 of that complaint for lack of subject-matter jurisdiction.