Melvin CLEVELAND, et al., Plaintiffs,

v.

PORCA COMPANY, et al., Defendants.

No. EV 92–64–C.

United States District Court,
S.D. Indiana,
Evansville Division.

Aug. 6, 1993.

Joseph A. Yocum, Evansville, IN, for Sedolia Cleveland, Adm'x, Joseph Effinger, Roy E. Freudenberg, Cecil K. Mallory.

Thomas O. Magan, Kahn Dees Donovan & Kahn, Evansville, IN, for Porca Co., Emge Packing Co. Pension Plan.

Rodney H. Grove, Evansville, IN, for United Food & Commercial Workers, United Food & Commercial Local.

Irving M. King, Kelly J. Hupfeld, Chicago, IL, for United Food & Commercial Workers, United Food & Commercial Local.

## MEMORANDUM

BROOKS, Chief Judge.

This matter comes before the Court on PORCA Company (PORCA) and Emge Packing Company Pension Plan for Hourly Rate Employees' (Pension Plan) Motion for Summary Judgment, and United Food & Commercial Workers International Union, AFL–CIO and United Food & Commercial Workers Local 172's (Unions) Motion for Summary Judgment. This suit was brought by four former employees of Emge Packing Co. and members of the union. Plaintiffs seek to confirm the arbitrator's decision pursuant to 9 U.S.C. § 9 and § 13. Plaintiffs also allege intentional bad faith and misconduct against all defendants pursuant to 29 U.S.C. § 185.[1]

The Unions argue that the undisputed facts show that they have not breached their duty of fair representation.

A prerequisite to maintaining a section 301/fair representation suit is a legally sufficient claim that the union breached its duty of fair representation. In this Circuit, to state such a legally sufficient claim employees must allege facts from which the Court can deduce that the union, in taking some action adverse to the employees, engaged in wrongful behavior. " 'Mere negligence' or even 'gross negligence' on the part of a union is insufficient ...; plaintiffs must show instead that a union engaged in 'intentional misconduct.' " Thus, employees must allege that the union intended to deprive them of their contract rights, or that it discriminated against them for forbidden reasons, or that it sabotaged a possibly meritorious grievance because of personal enmity, or that it intentionally undermined a grievance on the basis of political allegiances within the union, or that it otherwise "intentionally caus[ed] harm to an employee" through

---

1. Plaintiffs' citation to F.R.C.P. 58 as a basis of their claim is nonsense. F.R.C.P. 58 concerns the entry of a judgment and provides no basis for a complaint.

"fraud, deceitful action or dishonest conduct." The allegation must focus on "motive rather than result," employees must allege not only what the union did, but why or how.

*Martin v. Youngstown Sheet & Tube,* 911 F.2d 1239, 1248 (7th Cir.1990) (citations omitted, brackets in original.) [2]

■ Here, the Court has difficulty even discerning an allegation in the Amended Complaint which adequately fulfills one of the *Martin* requirements. The closest that can be found is the allegation of "An apparent preference for persons still employed and with active membership in unions over persons such as plaintiffs;" (Amended Complaint at ¶ 11.a.(12)(3)), and "An apparent preference for persons involved in the settlement negotiations" (Amended Complaint at ¶ 11.a.(12)(4)). Nevertheless, the Plaintiffs have not cited this subparagraph, nor have they expounded on or developed the facts surrounding this allegation in either the Amended Complaint, the answer brief, or the supporting affidavits or materials. In short, Plaintiffs have not presented a case, they have merely complained that they are dissatisfied with the results negotiated by the Unions; this is insufficient pursuant to *Martin.*

Federal Rule of Civil Procedure 56(e) makes clear that a "party may not rest upon the mere allegations or denials of the adverse party's pleading." Here the Plaintiffs have failed to present a genuine issue of material fact concerning the intent of the Unions as required by *Martin.* Therefore summary judgment must be granted in favor of the Unions and against the Plaintiffs on this issue.

■ The Unions argue that without a breach of the duty of fair representation claim, the Plaintiffs cannot maintain an action to confirm the arbitrators award. This is true. "Employees [can] challenge or confirm a union-company arbitration award *but only if* the employees state a claim for a section 301/fair representation case." *Martin* at 1244 (emphasis in original). Therefore summary judgment must also be granted on

these last remaining claims in favor of the Unions and against the Plaintiffs.

■ Plaintiffs also have a claim against PORCA and Pension Plan and those defendants have also filed a Motion for Summary Judgment. It is unnecessary to address the arguments in that motion directly because 1) this Court in its Order of 30 July 1992 dismissed the FAA claim as against these defendants and 2) with the granting of summary judgment on the Unions motion today, an "indispensable predicate" to the Plaintiffs action against PORCA and Pension Plan is missing. The claims against PORCA and the Pension Plan under § 301 are contingent on proving a breach of the duty of fair representation against the Unions under § 301. *See Reed v. UAW,* 945 F.2d 198 (7th Cir.1991). Since Plaintiffs' claims against the Unions have all failed, Plaintiffs' claims against PORCA and Pension Plan under § 301 now also fail.

With the granting of these summary judgment motions, all of Plaintiffs' remaining claims have been denied, the Motion to Strike is moot, and this case is closed.

---

**2.** Plaintiffs' argument that *Thomas v. United Parcel Service,* 890 F.2d 909 (7th Cir.1989) "substantially retreated" from the standard of *Hoffman v.*

*Lonza, Inc.,* 658 F.2d 519 (7th Cir.1981) is without merit in light of both the plain language in *Martin* and its citation to both cases.