William **RUZICKA**, Plaintiff-Appellant,

v.

**GENERAL MOTORS CORP., et al.,**
**Defendants-Appellees.**

No. 81–1563.

United States Court of Appeals,
Sixth Circuit.

Argued March 8, 1983.

Decided May 23, 1983.

Robert J. Dinges (argued), Glotta, Adelman, Dinges, Davis, Riley, Detroit, Mich., for plaintiff-appellant.

J.R. Wheatley (argued), Detroit, Mich., for General Motors Corp.

M. Jay Whitman (argued), Detroit, Mich., for U.A.W., Local 166.

Before CONTIE and KRUPANSKY, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

This is the third appeal in the instant case to reach this Court. Appellant William Ruzicka (Ruzicka) here appeals from the order of Chief Judge Feikens which dismissed his unfair representation suit against his union (Union) upon the factual finding that the bargaining representative's failure to timely file Ruzicka's grievance with the employer (GM) was due to union reliance upon the prevailing practice between the Union and GM of freely granting extensions of the contract date for filing the grievance. Pursuant to finding that the Union breached no duty to Ruzicka, Judge Feikens concluded that GM was entitled to rely upon the termination of Ruzicka's claim under the grievance clause of the contract and so could not be liable for breach of contract.

The salient facts of this controversy, and the law of the case established at the two previous appeals, are thoroughly delineated in the prior decisions of this Court and those of the district court. *Ruzicka v. General Motors Corp.*, 336 F.Supp. 824 (E.D. Mich.1972), 85 L.R.R.M. 2419 (E.D.Mich. 1973), 86 L.R.R.M. 2030 (E.D.Mich.1973), *rev'd*, 523 F.2d 306 (6th Cir.1975), *reh. denied*, 528 F.2d 912 (6th Cir.1975) [*Ruzicka I*], 96 L.R.R.M. 2822 (E.D.Mich.1977), *vacated*, 649 F.2d 1207 (6th Cir.1981) [*Ruzicka II*], 519 F.Supp. 893 (E.D.Mich.1981).

This Court's mandate on the second remand was to "conduct a hearing on [the] *narrow issue*" of "whether there was, *in fact,* actual reliance by Panter or other union officials on the prevailing practice of freely granting extension." 649 F.2d at 1211 (emphasis added). This explicit direction to conduct a "factual" inquiry into a "narrow issue" now compels this Court to review the findings below on the basis of Fed.R.Civ.P. 52(a) and the "clearly erroneous" test.

Ruzicka seeks to avoid applying the clearly erroneous test herein by shifting the focus of the proceedings below from the narrow issue specified in the mandate to (1) the broader issue of determining the scope of the "past" or "prevailing practice"; and (2) the legal issue of defining "reliance".

■ By his first argument, Ruzicka contends that since the record does not show a "well-defined, recurring practice [of granting extensions of time] that is clearly understood by all parties", "there can be no past practice within the legal meaning of the term." It would follow, therefore, that where there is, in fact, no "past practice" within the meaning of that labor law term of art, the Union would have acted upon a good faith, but *mistaken,* belief that such a practice obtained. The case law is clear that such good faith errors do not insulate unions from liability in section 301 cases. 29 U.S.C. § 185. *See Ruzicka I.*

The short answer to this first objection is that the existence of a clear and definite practice of not insisting on contractual deadlines when an extension was requested

has been the law of this case for over ten years. As our Court noted in *Ruzicka II:*

> In its initial memorandum opinion, the district court had found that extensions of exchange deadlines were freely given by both the Union and GM during Panter's term as committee chairman. This finding was reinforced by testimony received on remand that the prevailing practice was for both parties to grant extensions at will if one party was not prepared to exchange statements, even after the exchange date had passed.

649 F.2d at 1210. The district judge was manifestly correct in concluding that our instruction on remand was to determine "whether there was, in fact, actual reliance" upon this established practice. *Id.* at 1211.

Ruzicka's second attempt to shift away from the "narrow issue" considered on the second remand is the assertion that the definition of "reliance" involves conducting an inquiry into the reaction of a reasonable man to the past practice and not whether the individual union officials herein actually relied upon prevailing practice.

The Supreme Court in the recent case of *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) held that inquiries as to "intent" or "the basic reason" for conduct are "pure question[s] of fact", subject to the clearly erroneous rule. *Id.* 102 S.Ct. at 1790. Thus, the inquiry here is not whether the union should have relied, or whether it was rational to rely, but whether the actual, substantially motivating reason for the Union's decision to not timely present Ruzicka's discharge grievance to GM was its reliance upon an established practice. This, by the plain teaching of *Swint,* is a pure question of fact. *Id.*

A review of the record on second remand, particularly the testimony of Union representative Panter and of the evidence from the original trial cited at 519 F.Supp. 895, compels the conclusion that the trial court's finding of motive or intent for the union's conduct is not clearly erroneous; *i.e.,* this Court does not have a "definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948).

An additional issue concerning the continuing viability of an arbitration award, originally litigated below as a Union counterclaim against GM, has not been appealed by the Union and is therefore not before this Court on review. Accordingly, the decision of the district court is hereby AFFIRMED.