Karen A. JUSTISON, Plaintiff,

v.

NATIONAL POSTAL MAIL HANDLERS, WATCHMEN, MESSENGERS AND GROUP LEADERS, LOCAL 308, DIVISION OF LABORERS' INTERNATIONAL UNION, and United States Postal Service, an independent establishment of the Executive Branch of the government of the United States of America, Defendants.

Civ. A. No. 92–131 MMS.

United States District Court,
D. Delaware.

Feb. 19, 1993.

Joseph M. Bernstein, Wilmington, DE, for plaintiff.

Perry F. Goldlust, of Heiman, Aber & Goldlust, Wilmington, DE, of counsel: Nancy B.G. Lassen, and Catherine Merino, of Willig, Williams & Davidson, Philadelphia, PA, for defendant Nat. Postal Mail Handlers.

Patricia C. Hannigan, Asst. U.S. Atty., Dept. of Justice, Wilmington, DE, of counsel: Robert L. Sawicki, of United States Postal Service, Philadelphia, PA, for defendant U.S. Postal Service.

MURRAY M. SCHWARTZ, Senior District Judge.

In her amended complaint, the plaintiff, Karen A. Justison, has made two claims: one against her former employer, the United States Postal Service ("USPS"), for unlawful discharge, and a second claim against her Union, National Postal Mail Handlers, Watchmen, Messengers and Group Leaders, Local 308 ("Union"), for breach of its duty of fair representation. Docket Item (D.I.) 20. Both defendants have filed motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons which follow both defendants' motions will be granted with leave to plaintiff to amend her complaint.

### I.

As of July 21, 1987, the Union and the USPS were parties to a collective bargaining agreement ("Agreement"). D.I. 10 at ¶ 5. The critical passage of the Agreement stated:

No employee may be disciplined or discharged except for just cause, such as, but not limited to, insubordination ... [or] failure to perform work as requested.... Any such discipline or discharge shall be subject to the grievance-arbitration procedure provided for in this Agreement, which could result in reinstatement and restitution, including back-pay.

D.I. 20 at ¶ 7.

Plaintiff, charged with insubordination and failure to follow orders, was dismissed from her position with the Post Office on November 5, 1990. D.I. 20 at ¶ 8. Plaintiff disputes the reasons and asserts there was no just cause to terminate her. *Id.* To protest her discharge, plaintiff contacted her Union which filed a grievance on her behalf. *Id.* at ¶ 9.

The "grievance-arbitration procedure" referred to in the collective bargaining agreement contains a three step procedure for processing a claim and requires an appeal after each step. In plaintiff's case, the process had reached the second step, at which point USPS offered a "Last Chance Agreement" with time served as suspension. The Union, after consulting with plaintiff, determined the grievance should be carried to Step 3 and rejected the "Last Chance Agreement". *Id.*

While awaiting the outcome of the appeal plaintiff kept in touch with Steven Pompey, the president of the Union's local chapter (Local 308). Pompey assured plaintiff the appeal was proceeding. *Id.* at ¶ 10. On September 11, 1991, plaintiff discovered her health benefits had been terminated. *Id.* at ¶ 11. Upon inquiry, she found the benefits had been terminated because the final appeal had never been filed and the time for such an appeal had expired. Mr. Pompey told her that her papers had been lost and the Union was no longer representing her. *Id.* at ¶ 12.

Paragraph thirteen of the complaint states, in full,

The actions of Local 308 in failing to carry Justison's grievance to Step 3 of the grievance procedure and by falsely representing

---

1. USPS finds itself aligned with the Union because, as USPS has stated in its brief, the "indispensable predicate" for an action against it is a showing that the Union breached its duty of fair representation. D.I. 17 at 4, citing *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1563, 67 L.Ed.2d 732 (1981).

to Justison that the grievance was being properly processed constitute a breach by Local 308 of its duty of fair representation owing to Justison.

*Id.* at ¶ 13.

## II.

"[A] count of a complaint may be dismissed for failure to state a claim only if, when accepting all factual allegations as true and drawing all reasonable inferences from these facts, no relief would be granted under any set of facts that could be proved." *In re Delmarva Sec. Litig.,* 794 F.Supp. 1293, 1298 (D.Del.1992) (applying Rule 12(b)(6)). In applying this standard, the burden to show a failure of the claim rests with the moving party. *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980).

## III.

■ In their respective motions, the defendants argue the complaint is insufficient because it does not allege conduct which amounts to a claim for breach of the duty of fair representation. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967); *see also Masy v. New Jersey Transit Rail Operations, Inc.,* 790 F.2d 322, 328 (3d Cir.), *cert. denied,* 479 U.S. 916, 107 S.Ct. 320, 93 L.Ed.2d 293 (1986) (assertions of arbitrary conduct found to be unsupported by factual allegations). Plaintiff has not asserted any claim of discrimination, nor bad faith, but is proceeding only under a theory that the Union acted arbitrarily.

The United States Supreme Court recently articulated a definition of what constitutes "arbitrary" conduct. "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilot's Assn., Int'l v. O'Neill,* 499 U.S. 65, ——, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991) (citation omitted). Only the year before *O'Neill,* the Supreme Court endorsed the view that "mere

negligence, even in the enforcement of a collective bargaining agreement, would not state a claim for breach of the duty of fair representation...." *United Steelworkers of America, etc. v. Rawson,* 495 U.S. 362, 372–373, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990). Applying these decisions to the facts as alleged in plaintiff's amended complaint, it is concluded that the plaintiff has not alleged a breach of the duty of fair representation.

Prior to *O'Neill,* there was a division among the Circuits about what conduct would breach the duty of fair representation. The United States Court of Appeals for the Sixth Circuit in *Ruzicka v. General Motors Corp.,* 523 F.2d 306, 310 (6th Cir.1975) (*Ruzicka I* ), and the United States Court of Appeals for the Ninth Circuit in *Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270, 1274 (9th Cir.1983), had held that there was a breach of the duty of fair representation when there was an unexplained failure to process a grievance. Both circuits subsequently adhered to their view. *See Ruzicka v. General Motors Corp.,* 649 F.2d 1207, 1212 (6th Cir.1981), *aff'd,* 707 F.2d 259 (6th Cir. 1983), *cert. denied,* 464 U.S. 982, 104 S.Ct. 424, 78 L.Ed.2d 359 (1983) (*Ruzicka II* ) ("[W]hen a bargaining representative acts arbitrarily in failing to process a grievance submitted to it by an employee without a sound reason for its decision ... our holding in *Ruzicka I* will render the union liable for unfair representation."); *Perry v. Million Air,* 943 F.2d 616, 619–620 (6th Cir.1991) (finding magistrate judge had properly relied upon *Ruzicka II* ); *Peters v. Burlington N.R.R. Co.,* 931 F.2d 534, 540 (9th Cir.1991) ("[A] union's unexplained failure to consider a meritorious substantive argument in favor of an employee signals that the process has broken down and has more in common with a ministerial failure than with a negligent decision."). The rationale which supported these decisions is that the filing of a grievance is a ministerial, not judgmental undertaking, and in this type of conduct, a union is entitled to only reduced deference.

In contrast, the United States Courts of Appeals for the Third Circuit in *Medlin v. Boeing Vertol Co.,* 620 F.2d 957, 961 (3d Cir.1980), stated that "[i]n order to state a claim for breach of [the duty of fair representation], it is essential that plaintiffs allege a

bad faith motive on the part of the union." Similarly, the Seventh Circuit in *Hoffman v. Lonza, Inc.,* 658 F.2d 519, 520 (7th Cir.1981), held there is a breach of duty if a union's conduct is "intentional, invidious, and directed at the employee." Unlike the Sixth and Ninth Circuits, the Third and Seventh Circuits required intentional conduct as an essential component of a breach of the duty of fair representation.

The issue becomes whether the approach adopted by the Third and Seventh Circuits is viable after *O'Neill.* The Court of Appeals for the Seventh Circuit does not think so. In *Ooley v. Schwitzer Div., Household Mfg. Inc.,* 961 F.2d 1293, 1302 (7th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 208, 121 L.Ed.2d 148 (1992), the Court expressly noted that "[T]his court held that in order to prevail under a claim for breach of the duty of fair representation a plaintiff must prove that the union conduct was 'intentional, invidious, and directed at the employee.' ... Nevertheless, the Supreme Court ... rejected this court's narrow reading...." *Id.* quoting *Hoffman,* 658 F.2d at 520. *See also, Bennett v. Local Union No. 66, Glass, etc.,* 958 F.2d 1429, 1436–1439 (7th Cir.1992) (finding *O'Neill* to require an objective inquiry, not a subjective one focused on intent, but relying upon district court's finding of bad faith and intentional conduct as breach of the duty of fair representation); *Walk v. P*I*E Nationwide, Inc.,* 958 F.2d 1323, 1326 (6th Cir.1992) (stating "A plaintiff need not prove bad faith or fraud to make out a claim for breach of the duty of fair representation."). The open question is whether the Third Circuit Court of Appeals will retreat from its position.

■ As this juncture, the Court is foreclosed from addressing the issue other than to note that something more than negligence must be pled to constitute arbitrary conduct for purposes of establishing a breach of the duty of fair representation. The amended complaint does not set forth any allegations which would support a finding that "the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational", and

therefore arbitrary. — U.S. at —, 111 S.Ct. at 1130 (1991) (citation omitted).

Paragraph thirteen of the plaintiff's amended complaint alleges the Union breached its duty by "failing to carry Justison's grievance to Step 3 of the grievance procedure and by falsely representing to Justison that the grievance was being properly processed...." D.I. 20 at ¶ 13. The alleged breach is premised on two factual allegations: first, the failure to process plaintiff's grievance properly and second, the false representations masking that failure. Examining these allegations in turn, the former amounts only to mere negligence and the latter, as drafted, does nothing to alter that finding.

In some circumstances, an unexplained failure to file a grievance in a timely manner amounts to negligent conduct.[2] *See Hoffman,* 658 F.2d at 523. *See also, Findley v. Jones Motor Freight, Div. Allegheny Corp.,* 639 F.2d 953, 960 n. 2 (3d Cir.1981) (noting that "[m]ere ineptitude or negligence in the presentation of a grievance by a union has almost uniformly been rejected" as breaching the duty of fair representation); *Nicely v. USX,* 767 F.Supp. 728, 730 (W.D.Pa.1991), *aff'd,* 968 F.2d 13 (3d Cir.1992) (claims of negligence or poor judgment do not support a claim of unfair representation). From what has been said above, it follows that plaintiff's amended complaint must allege that the Union committed a greater wrong than merely missing a grievance deadline.

Plaintiff asserts she alleged more than negligence because of her allegations that the Union falsely represented that the grievance was being properly processed. Missing from these allegations are any facts concerning when the time for perfecting an appeal had expired. If, when plaintiff began to inquire in December, the time for the third step of the grievance procedure had not expired and the Union was being alerted to her case, then for the Union to continue to ignore her grievance could, under some factual scenarios, be irrational, or arbitrary, conduct. On the other hand, if plaintiff did not begin to inquire until the time for appeal had already expired, the Union's reassurances would be of no legal consequence on the issue of breach of

2. As mentioned above, the Seventh Circuit Court of Appeals' decision in *Hoffman* has been reconsidered in light of recent Supreme Court decisions. The reconsideration does not detract from the appellate court's observation on what is negligent conduct.

the duty of fair representation. In that circumstance the plaintiff will not have set forth any allegations which would support a finding that "the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational", and therefore arbitrary. —— U.S. at ——, 111 S.Ct. at 1130 (1991) (citation omitted).

### IV.

While plaintiff's amended complaint fails to allege a breach of the duty of fair representation, plaintiff may be able to cure the deficiency. She will be given twenty days from the date of the order accompanying this opinion by which time a second amended complaint must be filed. If the complaint is not filed timely, an order will be entered without further notice dismissing the complaint with prejudice.